**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| PRESERVATION TECHNOLOGIES LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 14-1297-SLR |
| | ) |
| WORLD WRESTLING ENTERTAINMENT, | ) |
| INC., | ) |
| | ) |
| Defendant. | ) |

## [PROPOSED] PROTECTIVE ORDER

The parties herein have agreed that certain information subject to discovery in this action may be claimed to be or contain a trade secret or other confidential research, development, commercial, financial, or strategic information.  In the interests of permitting discovery to proceed without delay occasioned by possible disputes regarding such confidential information, the parties have further agreed to provide access to and to accept such information subject to certain protective provisions hereinafter set forth.  In view of these agreements, the Court finds that good cause exists for issuance of a protective order.  Therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the following Order:

**Proceedings and Information Governed.**

1.  This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition testimony and transcripts and videotapes, deposition exhibits, and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorney Eyes Only Information" in accordance with the terms of this Order, as well as to any

copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.  Information produced pursuant to the terms of this Protective Order shall be used by the receiving party or parties only for purposes of this litigation, and not for any other purpose or function, and such information shall not be disclosed to anyone by the receiving party or parties except as provided herein, by further written agreement of the parties, or by further order of the Court.

**Designation and Maintenance of Information.**

  2.  For purposes of this Protective Order:

  (a)  The "Confidential Information" designation shall mean that the document or testimony is comprised of trade secrets or commercial information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed.R.Civ.P. 26(c)(1)(g), or other information required by law or agreement to be kept confidential;

  (b)  The "Confidential Attorney Eyes Only Information" or "Outside Counsel Eyes Only" designation shall be reserved for Confidential Information relating to the following: products not yet commercially released, inventions in progress, pending patent applications, potential future acquisitions, current financial projections and analyses, forward-looking business plans, and license and settlement agreements with third parties that are subject to a written non-disclosure agreement;

  (c)  Confidential Information and Confidential Attorney Eyes Only Information does not include, and this Protective Order shall not apply to, (i) information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or (ii) information that has been

disclosed to the public or third persons in a manner making such information no longer confidential.

      3.    (a)    Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above may be designated by the producing party as containing Confidential Information by placing on each page and each thing the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" in a manner that will not interfere with its legibility.  If the Confidential materials cannot have the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" placed thereon, it will be designated as "Confidential Information" in a manner agreed to by the parties.

      (b)    Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing the legend "CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER" or "Outside Counsel Eyes Only" in a manner that will not interfere with its legibility. If the Confidential Attorney Eyes Only materials cannot have the legend "CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER" or "Outside Counsel Eyes Only"  placed thereon, it will be designated as "Confidential Attorney Eyes Only Information" in a manner agreed to by the parties.

      (c)    A party may designate information disclosed at a deposition as Confidential Information or Confidential Attorney Eyes Only Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition.  If no such designation is made at the time of the deposition, any party shall have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript or a portion thereof is to be designated as Confidential Information or Confidential Attorneys Eyes Only Information.  If no such designation is made at

the deposition or within such fourteen (14) calendar day period (during which period, the transcript shall be treated as Confidential Attorneys Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorneys Eyes Only Information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

(d)   It is the responsibility of counsel for each party to maintain materials containing Confidential Information and/or Confidential Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate Produced Materials and Inadvertent Production of Privileged Materials.**

4.   The inadvertent failure to designate or withhold any information as Confidential Information or Confidential Attorneys Eyes Only Information, or subject to the attorney-client privilege, the attorney work product doctrine, or other applicable immunity or exemption from discovery, will not be deemed to waive a later claim as to its appropriate confidential or privileged nature, or to stop the producing party from designating such information as confidential or privileged at a later date in writing and with particularity. Newly designated confidential information must be treated by the receiving party according to the new designation from the time the receiving party is notified in writing of the change in the designation. A receiving party who has been notified that privileged information has been inadvertently produced shall destroy or return such inadvertently produced information, including all copies, within ten (10) days of receiving a written request from the producing party. No use shall be made of such information during deposition or at trial, nor shall such information be shown to

anyone who has not already been given access to them subsequent to the request that they be returned. In the case of an inadvertently produced document, the producing party shall then provide a privilege log. The provisions of this paragraph shall be supplemented with the provisions of F.R.E. 502. In the case of a conflict between this paragraph and the provisions of F.R.E. 502, this paragraph shall control.

**Challenge to Designations and Inadvertent Production.**

     5.    A receiving party may challenge a producing party's designation of information as Confidential Information or Confidential Attorneys Eyes Only Information at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day timeframe, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute over designation is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order. A receiving party may move the Court for an order compelling production of any inadvertently produced document or information, over which the producing party has asserted a claim of attorney-client privilege, the attorney work product doctrine, or other applicable immunity or exemption from discovery, but the motion shall not assert as a ground for production the fact of the inadvertent production, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.

**Disclosure and Use of Confidential Information.**

6. Information designated as Confidential Information or Confidential Attorneys Eyes Only Information may only be used by the receiving party for purposes of preparation, trial and appeal of this action. Confidential Information or Confidential Attorneys Eyes Only Information may not be used by the receiving party under any circumstances for prosecuting any patent application, for patent licensing or for any other purpose.

7. Subject to paragraphs 9 and 10 below, Confidential Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) two (2) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure; (b) two (2) in-house counsel who are identified by the receiving party; (c) outside counsel of record for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks and private photocopying services; (e) experts or consultants engaged by or on behalf of a party for purposes of this litigation, who are not employees of the receiving party; and (f) the court and its personnel.

8. Subject to paragraphs 9 and 10 below, Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel of record for the receiving party, including supporting personnel employed by outside counsel of record, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (b) experts or consultants engaged by or on behalf of a party for purposes of this litigation, who are not employees of the receiving party; and (c) the court and its personnel.

9. Prior to disclosing Confidential Information or Confidential Attorney Eyes Only Information to a receiving party's proposed expert, consultant or their employees, the receiving party shall provide to the producing party: (i) a signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) from the proposed expert or consultant, as the case may be, who agrees to maintain the confidentiality of the Confidential Information and Confidential Attorney Eyes Only Information disclosed thereto; (ii) the resume or curriculum vitae of the proposed expert or consultant; (iii) a list of the expert's or consultant's employers within the last five (5) years; (iv) a list of business affiliations of the expert or consultant within the last five (5) years; and (v) consulting relationships of the expert or consultant within the last five (5) years. The producing party shall thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual.  Such objection must be made for good cause and in writing, stating with particularity the reasons for objection.  Failure to object within ten (10) business days shall constitute approval.  If the parties are unable to resolve any objection, the receiving party may apply to the Court to resolve the matter.  There shall be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the Court has ruled upon any resultant motion.

10. Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person, not already allowed access to such information under this Protective Order, if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

(b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the judge and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of Confidential Information or Confidential Attorney Eyes Only Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

**Non-Party Information.**

11. The existence of this Protective Order shall be disclosed to any person producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things or testimony as Confidential Information or Confidential Attorney Eyes Only Information pursuant to this Protective Order.

**Filing Documents With the Court.**

12. A Party that seeks to file under seal any material protected under this Protective Order must comply with Civil Local Rule 5.1.3. All documents of any nature, including briefs, that have been designated as "Confidential Information" or "Confidential Attorney Eyes Only Information" and that are filed with the Court, shall be filed under seal in accordance with the Local Rules of the United States District Court for the District of Delaware.

**Drafts of Expert Reports and Communications With Experts.**

13. Drafts, notes, and/or outlines of expert reports produced pursuant to F.R.Civ.P. 26(a)(2) need not be maintained and shall not be subject to production in this litigation. Communications between and among a party's counsel, its experts and consultants shall not be subject to production in this litigation except to the extent any such communication is actually

relied upon by the testifying expert in forming his or her opinion, final report, trial or deposition testimony, or any opinion in this litigation. No discovery can be taken from any consulting expert who does not testify, except to the extent that the consulting expert has provided information, an opinion or opinions, or other materials to a testifying expert, who then relies upon such information, opinions, or other materials in forming his or her final report, trial or deposition testimony, or any other opinion in this litigation.

**Treatment of Documents at a Hearing or Trial.**

14. Nothing in this Protective Order shall affect in any way any party's right to offer information designated Confidential Information or Confidential Attorney Eyes Only Information into evidence during trial or at any hearing in this action nor shall it modify any party's right to object to the introduction of such information or to move for appropriate protection of this information. If any party includes in a pre-trial exhibit list or otherwise anticipates that it will introduce as evidence at hearing or trial any Confidential Information or Confidential Attorneys Eyes Only Information so designated by a third party, that party will provide sufficient notice to such third party to allow it an opportunity to object or to request specific procedures from the Court governing use of such information at trial.

**No Prejudice.**

15. Producing or receiving Confidential Information or Confidential Attorney Eyes Only Information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or

waive the provisions or protections provided for herein with respect to any particular information or material.

**Conclusion of Litigation.**

16. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall: (a) destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information, and certify to the producing party such destruction or return. However, outside counsel of record for any party shall be entitled to retain all court filings, trial transcripts, and exhibits admitted into evidence as well as archival copies of emails and documents constituting or referring to such information, provided that any such materials are maintained and protected in accordance with the terms of this Protective Order

**Other Proceedings.**

17. By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order that may be subject to a discovery request, subpoena or motion to disclose another party's information designated Confidential Information or Confidential Attorney Eyes Only Information pursuant to this Protective Order, shall promptly notify that party so that it may have an opportunity to object, appear and be heard on whether that information should be disclosed.

**Remedies.**

18. It is Ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions

as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

19. Any party or non-party may petition the Court for good cause shown, in the event such party or non-party desires modification of or relief from a term or condition of this Order.

20. After termination of this action, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information and/or Confidential Attorney Eyes Only Information for enforcement of the provisions of this Protective Order following termination of this action.

21. This Order shall remain in full force and effect until modified, superseded, or terminated by agreement of the parties or by an Order of the Court.

IT IS SO ORDERED, this ___ day of _____, 2015.

_____
HONORABLE SUE L. ROBINSON

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Delaware on [date] in the case of *Preservation Technologies LLC v. World Wrestling Entertainment, Inc*, C.A. 14-1297 (SLR) ("the Action"). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this Action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____