**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PRESERVATION TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-1295-SLR |
| | ) | |
| NFL ENTERPRISES LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| PRESERVATION TECHNOLOGIES LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-1297-SLR |
| | ) | |
| WORLD WRESTLING ENTERTAINMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**[PROPOSED] PATENT CASE SCHEDULING ORDER**

At Wilmington this ____ day of _____, 2015, the parties having satisfied their obligations under Fed. R. Civ. P. 26 as described in the court's order for a scheduling conference; and the court having conducted its case management conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b);

IT IS ORDERED that:

1.  **Fact Discovery.**

(a)  All fact discovery shall be commenced in time to be completed by **August 22, 2016**.

(b)  **Management.**   Consistent with this order and the court's order for a scheduling conference, all discovery disputes, and the overall management of discovery, are referred to a Magistrate Judge, pursuant to 28 U.S.C. § 636.

(c)  **Initial Disclosures**.   Absent agreement among the parties:

(1)  The parties shall exchange the following information identified at the Rule 26(f) conference by **ten (10) days** of the date of this Order**:**

a.    the name and, if known, the address and telephone number of each individual likely to have discoverable information— along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

b.    a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

c.    a computation of each category of damages claimed by the disclosing party—which must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

d.    for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

(2)   On or before **August 7, 2015,** plaintiff shall identify the accused product(s)[1] and its damages model, as well as the asserted patent(s) the accused product(s) allegedly infringe(s).  Plaintiff shall produce the file history for each asserted patent.

(3)   On or before **September 3, 2015,** defendant shall produce to plaintiff the core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.  Defendant shall also produce sales figures for the accused product(s).

(4)   The Magistrate Judge shall thereafter conduct a status conference to ensure that the initial exchanges have been meaningful.

(5)   On or before **October 30, 2015**, plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

**(d)   Document production.**

(1)   Maximum of **75** requests for production by each party to any other party.

(2)   Discovery of paper and electronic documents shall be completed on or before **March 4, 2016.**  In the absence of agreement among the parties or by order of the Court, the Court's Default Standard for Discovery, Including Discovery of ESI shall govern.

**(e)   Depositions.**

(1)   No deposition (other than those noticed under Fed. R. Civ. P.

---

[1] Including accused methods and systems.

3

30(b)(6)) shall be scheduled prior to the completion of document production.

(2)   The number of depositions (and any other issues related to depositions) shall be addressed by the Magistrate Judge no later than the completion of document production.

(f)   **Written Discovery**.

(1)   Maximum of **30** interrogatories by each party to any other party.

(2)   Final infringement contentions[2] shall be due on or before

**June 24, 2016**, subject to amendment by leave of court for good cause.

(3)   Final invalidity contentions shall be due on or before **July 22, 2016**.

(4) Maximum of **45** requests for admission by each party to any other party.

(g)   **Supplementation**. No later than **March 11, 2016**, the parties must finally supplement, inter alia, the identification of all accused products and of all invalidity references.

2.   **Joinder of Other Parties and Amendment of Pleadings**.   All motions to join other parties and/or to amend pleadings shall be filed on or before **May 31, 2016.**

3.   **Willfulness.**   If willfulness has been asserted, defendant must inform plaintiff that it intends to rely on the opinion of counsel no later than **January 22, 2016.**

---

[2] The adequacy of all such contentions shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

4

4. **Settlement Conference**.   Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[3] for the purposes of exploring ADR.

**5. Claim Construction.[4]**

(a)   The parties shall exchange lists of those claim terms in need of construction on or before **February 12, 2016.**

(b) The parties shall exchange their respective proposed constructions on or before **March 11, 2016**.

(c)   The parties shall agree upon and file a Joint Claim Construction Statement on **March 25, 2016**.  For any contested claim limitation, each party must submit a proposed construction.[5]

(d)   Plaintiff shall serve and file its opening brief on claim construction on or before **April 15, 2016.**

(e)   Defendant shall serve and file its answering claim construction brief on or before **May 13, 2016.**

(f)   Plaintiff shall serve and file its reply brief on or before **May 27, 2016.**

(g)   Defendant shall serve and file its surreply brief on or before **June 10, 2016.**

---

[3] The court may also refer ADR to a Special Master.

[4] The parties must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.  Any language not so identified will be construed according to its ordinary meaning.

[5] Resorting to "plain and ordinary" meaning is not sufficient, as it effectively leaves claim construction in the hands of the experts rather than the court.

(h)   The court shall conduct a hearing on claim construction on **June 30, 2016 at 2:00 p.m.**[6]

(i)   The court shall issue its decision on claim construction on or before **August 2, 2016**.

(j) The court shall thereafter conduct a status conference on **August 22, 2016 at 4:30 p.m.**, the purpose of which is to discuss the scope of the case (vis a vis the number of patents, claims, products, prior art references, etc.) and determine whether any limits need to be imposed to focus the case prior to expert discovery.

6. **Expert Discovery**.

(a) All expert discovery shall be commenced in time to be completed by **March 3, 2017**.

(b) Expert reports on issues for which the parties have the burden of proof shall be served on or before **September 30, 2016.**  Rebuttal expert reports shall be served on or before **October 28, 2016**.  Supplemental reports (on, e.g., secondary considerations of obviousness) shall be served on or before **November 18, 2016**.

(c) Following service of the supplemental reports, the parties shall meet and confer about the length of expert depositions.

(d) The court shall conduct an in-person status conference on **March 15, 2017 at 4:30 p.m.,** if the parties have any issues regarding expert discovery.  No Daubert motions or motions to strike expert testimony shall be filed unless discussed with the court at this conference and the court deems a motion practice appropriate.

---

[6] Unless otherwise directed, the court shall conduct its proceedings in courtroom 4B, fourth floor United States Courthouse, 844 King Street, Wilmington, Delaware.

7. **Fact Witnesses to be Called at Trial**.  Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony) who has previously been disclosed during fact discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness disclosed during fact discovery that it intends to call at trial.  It is expected that all such witnesses have been vetted during the fact discovery process.

8. **Motion Practice.**

(a)   All motions to dismiss, to amend, and to transfer (and any discovery motions permitted by a Magistrate Judge) shall be resolved by a Magistrate Judge, pursuant to 28 U.S.C. § 636.

(b)   All other motions, including motions to stay and for summary judgment, shall be referred, if at all, on an individualized basis.

(c)   On **November 12, 2015**, the parties shall file a joint status report advising the Court of any agreement among the parties regarding how § 101 motion practice should proceed or, if no such agreement can be reached, the parties' respective proposals.  Thereafter, on **November 17, 2015 at 4:30 p.m.**, the Court will hold a status conference to (1) discuss motion practice regarding 35 U.S.C. § 101 and (2) set the date defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(d) The parties agree that discovery regarding infringement and damages will not be stayed pending the status conference set forth in (c) above or any motion pursuant to 35 U.S.C. § 101.

(e) All summary judgment motions shall be served and filed on or before **March 10, 2017.**  Absent order of the court, no summary judgment motion may be filed earlier than said date, and no such motion may be filed in the absence of a jury demand.

(1)  Opening briefs on infringement and invalidity shall be served and filed on **March 10, 2017.**

(2)  Opening briefs or combined opening-answering briefs on noninfringement and validity shall be served and filed on **April 7, 2017**.

(3)  Where cross-motions are presented:

(i) Combined answering-reply briefs on infringement and invalidity in response to the briefs filed pursuant to (2) above shall be served and filed on **April 21, 2017.**

(ii) Reply briefs on noninfringement and validity shall be served and filed on **May 5, 2017.**

(4)  Where cross-motions are not presented:

(i) Answering briefs on infringement and invalidity shall be served and filed on **March 31, 2017**. Answering briefs on noninfringement and validity shall be served and filed on **April 28, 2017**.

(ii) Reply briefs on infringement and invalidity shall be served and filed on **April 12, 2017.**  Reply briefs on noninfringement and validity shall be served and filed on or before **May 10, 2017**.

(5)  The court shall hear oral argument on said motion(s) on **June 2, 2017 at 9:30 a.m.**

8

9. **Communications with the Court**.

(a) Absent express approval by the court, any application to the court for relief shall be by written motion filed with the clerk.  The court will not consider applications and requests submitted by letter or in a form other than a motion.

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on the court's website and e-mail the completed forms to slr_civil@ded.uscourts.gov.  The e-mail shall provide a short statement describing the emergency.  **NO ATTACHMENTS** shall be submitted in connection with said e-mails.

(d) To be considered timely filed, all papers shall be electronically filed on or before 6:00 p.m. Eastern Time.

10. **Motions in Limine.  No** motions in limine shall be filed.  Instead, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

11. **Pretrial Conference**.   A pretrial conference shall be held on **August 2, 2017 at 4:00 p.m.**  The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.  Parties can also raise the issue of which case will proceed to trial first during the Pretrial Conference.

12. **Trial.**  These matters are scheduled for a first **8 day** jury trial for the case against one defendant commencing on **August 21, 2017**.   For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their

9

evidence and argument.

_____
United States District Judge